# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20419
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2019

Lyle W. Cayce
Clerk

IN THE MATTER OF:  MINH VAN TRUONG; LE THI LE,

      Debtors

TAN PHAN,

      Appellant

v.

MINH VAN TRUONG; LE THI LE,

      Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3318

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

      Tan Phan appeals the district court's order affirming the bankruptcy court's judgment overruling Phan's objection to the Debtors' claim of exemption

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20419

in real property.  Concluding that the district court did not err in affirming the bankruptcy court's judgment, we AFFIRM.

## I.  Background

On June 9, 2017, Debtors, Minh Van Truong and Le Thi Le, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  In their petition, the Debtors indicated that their only creditor was Phan; that his claim was unsecured; and that Phan had obtained a judgment against them in state court in the amount of $148,142.  In the Schedule C form attached to their petition, the Debtors asserted that their homestead was an exempt asset under Texas law and should not be included in the bankruptcy estate.  The bankruptcy court agreed that the Debtors' homestead was an exempt asset and discharged the bankruptcy case as a no-asset estate.

Phan thereafter filed an objection in the bankruptcy court arguing that the Debtors' homestead was not exempt from his claim because under Texas law, there are certain exceptions to the homestead exemption.  Specifically, Phan relied on Section 41.001 of the Texas Property Code which provides that homesteads "are exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property."  That section further provides that "encumbrances may be properly fixed on homestead property for (1) purchase money; . . .[or] . . . (5) the refinance of a lien against a homestead . . . ."

Phan asserted that because he loaned the Debtors the funds to pay off their mortgage and/or refinance the mortgage on their homestead in 2009, the homestead is a nonexempt asset which must be liquidated under Chapter 7.  Phan attached a copy of a final judgment rendered by a state district court on April 25, 2017, in his favor and against the Debtors "on his claim for breach of contract."  The judgment awarded Phan $127,294 in damages, $20,122 in attorney's fees, and $726 in costs.

2

No. 19-20419

In response to Phan's objection, the Debtors admitted that a judgment was rendered in Phan's favor and against them for breach of contract by a Texas district court. They denied the existence of any loan documents, either for purchase money or refinancing funds, executed by them and Phan. They further denied that they created any security interest, or extended any security interest to Phan, in their homestead.

The bankruptcy court noted that the state court judgment did not award Phan an interest in the homestead and that Phan presented no evidence of a deed conveying the property to him. The bankruptcy court further noted that Phan provided no abstract of judgment filed in the real property records of Harris County, Texas. Because Phan's interest was unrecorded, the bankruptcy court determined that Phan's claim was "wholly unsecured" and that the Debtors were able to "avoid Phan's unrecorded interest." The bankruptcy court, therefore, overruled Phan's objection. The district court affirmed.

On appeal, Phan asserts that under Texas Property Code § 41.001, he was not required to produce a written agreement or contract in order for his claim to be enforceable against the Debtors' homestead. He asserts that the district court's judgment should be reversed because the Debtors' homestead is a nonexempt asset which must be liquidated under Chapter 7 of the Bankruptcy Code to pay for the judgment he obtained against the Debtors.

## II. Discussion

This court reviews "the decision of a district court sitting as an appellate court in a bankruptcy case by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court."[1] "Acting as a second review court," this court reviews a

---

[1] *Viegelahn v. Lopez* (*In re Lopez*), 897 F.3d 663, 668 (5th Cir. 2018).

No. 19-20419

bankruptcy court's legal conclusions de novo and its findings of fact for clear error.[2]

Upon filing a petition for bankruptcy, a debtor may remove certain property from the bankruptcy estate under federal or state law, thereby shielding the property from creditors.[3] A debtor must file a list of this "exempt" property and "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt."[4] Under Texas law, homesteads are eligible for exemption from the bankruptcy estate. The Texas Property Code allows a home to be "exempt from seizure for the claims of creditors except for *encumbrances* properly fixed on homestead property."[5] The Code further provides that "[e]ncumbrances may be properly fixed on homestead property for (1) purchase money; . . . [or] . . . (5) the refinance of a lien against a homestead, . . . ." Texas law caps the homestead exemption in size, but not in value.[6]

Phan reasserts his argument that the Debtors' homestead is not exempt from his claim because the debt owed to him falls within an exception to Texas's homestead exemption law. Specifically, he asserts that the debt owed to him represents funds used in 2009 to pay off the mortgage on the Debtors' house. He contends that Texas law does not allow the Debtors' homestead to be shielded from his claim because the debt owed to him is a "judgment debt from the refinance of a lien against debtors' homestead." He further maintains the exceptions to the homestead exemption relating to purchase money and refinancing of a lien do not require a written agreement.

---

[2] *Id.* (citations omitted).

[3] 11 U.S.C. § 522(b).

[4] *Id.* § 522(*l*).

[5] TEX. PROP. CODE § 41.001(a) (emphasis added).-

[6] *See id.* § 41.002 (limiting "urban" homestead to "not more than 10 acres of land which may be in one or more contiguous lots").

No. 19-20419

Phan is correct that Texas law provides for exceptions to the homestead exemption, but he is mistaken that the money judgment he obtained against the Debtors in state court falls within one of those exceptions.  In asserting his argument, Phan fails to recognize that to constitute an exception to Texas's homestead exemption, his claim must involve an *encumbrance* properly fixed on the Debtors' homestead property.[7]  Black's Law Dictionary defines the word "encumbrance" as:  "A claim or liability that is attached to property or some other right and that may lessen its value, such as a lien or mortgage; any property right that is not an ownership interest."[8]

Although Phan used his funds to pay off the mortgage on the Debtors' property (which would have been an "encumbrance properly fixed on homestead property" under § 41.001), he did not obtain an encumbrance on the property in the form of another mortgage or lien at that time.  Phan also did not obtain a transfer of any mortgage or lien he alleges he helped the Debtors "refinance" at that time.  The money judgment awarding Phan damages, attorneys' fees, and costs for the Debtors' breach of contract is not an "encumbrance properly fixed on homestead property."

Based on the foregoing, the bankruptcy court properly overruled Phan's objection to the Debtors' claim of homestead exemption.  Accordingly, the district court's judgment affirming the bankruptcy court's judgment is AFFIRMED.

---

[7] TEX. PROP. CODE § 41.001(a)

[8] *Encumbrance*, BLACK'S LAW DICTIONARY (11th ed. 2019).

5